UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSIE MATHES | CIVIL ACTION |
| VERSUS | NO. 16-538-BAJ-EWD |
| PINNACLE ENTERTAINMENT, INC. | |

**ORDER**

Before the Court is a Motion for Remand, or Alternatively Motion to Withdraw Supplemental and Amending Petition, or Alternatively Motion for Voluntary Dismissal of Cause (the "Motion"), filed by plaintiff Rosie Mathes.[1] The Motion is opposed.[2] For the reasons that follow, the Motion is **DENIED without prejudice.**

I.  Background

On or about July 18, 2016, Plaintiff filed a Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, against Pinnacle Entertainment, Inc. d/b/a L'Auberge Casino & Hotel Baton Rouge ("Pinnacle"), Pinnacle's alleged insurer, ABC Insurance Company, and Jane Doe, a Pinnacle employee, seeking damages for an alleged slip and fall that occurred at L'Auberge Casino and Hotel in Baton Rouge, Louisiana on March 16, 2016.[3] On August 10, 2016, Pinnacle removed the matter to this Court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.[4] Pinnacle filed an Answer to the state court Petition on August 29, 2016, denying the allegations in the Petition.[5]

---

[1] R. Doc. 24.
[2] R. Doc. 26.
[3] R. Doc. 1-2.
[4] R. Doc. 1.
[5] R. Doc. 3.

On January 31, 2017, Plaintiff filed a Supplemental and Amending Petition for Damages, seeking to name two additional defendants, PNK (Baton Rouge) Partnership ("PNK") and its insurer, Zurich American Insurance Company ("Zurich"), and to correctly identify defendant "Jane Doe" as Cionne Stewart.[6] However, the Supplemental and Amending Petition for Damages was neither comprehensive nor did it adequately allege the citizenship of the parties. As such, this Court issued an Order on February 10, 2017, requiring Plaintiff to file a motion to substitute the Supplemental and Amending Petition for Damages[7] with a comprehensive proposed pleading that properly sets forth the citizenship of all parties.[8] Plaintiff was given until March 31, 2017 in which to file the motion to substitute.[9]

On March 17, 2017, Plaintiff filed the instant Motion, asking the Court to remand the matter to state court for lack of subject matter jurisdiction because Cionne Stewart is a non-diverse defendant.[10] Alternatively, Plaintiff asserts that because the Court has not yet granted her request to add PNK, Stewart, or Zurich as defendants in this matter, the Court should allow Plaintiff to voluntarily withdraw her Supplemental and Amending Petition for Damages without prejudice.[11] Plaintiff asserts that Pinnacle has unequivocally stated that it is not a proper party to this litigation, such that if Plaintiff is allowed to withdraw her Supplemental and Amending Petition for Damages, Pinnacle can be dismissed without prejudice and Plaintiff can proceed against the correct parties in state court.[12] Alternatively, Plaintiff asserts that the Court should allow her to file a notice of voluntary dismissal of suit under Fed. R. Civ. P. 41(a)(1)(A)(i) or (a)(2).[13] Although there is a

---

[6] R. Doc. 10 at 1-2.
[7] R. Doc. 10.
[8] R. Doc. 16.
[9] R. Doc. 16 at 2.
[10] R. Doc. 24 at 1.
[11] R. Doc. 24-1 at 9.
[12] *Id.* at 9-10.
[13] *Id.* at 10.

2

pending Motion for Summary Judgment filed by PNK,[14] Plaintiff asserts that motion should be stricken from the record because PNK is not yet a party to this action.[15] Plaintiff further claims that she should be allowed to dismiss Pinnacle from this suit "and proceed under the prophylactic state court suit."[16]

In opposition, Pinnacle asserts that the Motion to Remand should be denied as premature because Cionne Stewart, the alleged non-diverse defendant, is not yet a party to this litigation.[17] Pinnacle further argues that Stewart's inclusion in this case as a defendant would constitute improper joinder because Plaintiff's allegations that Stewart was negligent in failing to place a cautionary sign to warn of a wet floor are contradicted by photographic evidence, in which a "wet floor" sign is clearly visible where the alleged fall occurred.[18] Pinnacle further alleges that Stewart was improperly joined under the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), because the purpose of the amendment is to defeat federal jurisdiction, Plaintiff has been dilatory in seeking amendment, and Plaintiff will not be significantly prejudiced if amendment is not allowed because there is no reasonable basis for Plaintiff to expect recovery in state court.[19]

## II.   Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th

---

[14] R. Doc. 12.
[15] R. Doc. 24-1 at 10.
[16] *Id.*
[17] R. Doc. 26 at 2.
[18] R. Doc. 26 at 5 (*citing* R. Doc. 26-1).
[19] R. Doc. 26 at 3-7.

Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c).

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Fifth Circuit has strictly followed this rule, stating that "leave to amend should be granted liberally." *Robertson v. Plano City of Texas*, 70 F.3d 21, 22 (5th Cir. 1995). However, when an amendment after removal from state court would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

In the instant case, Plaintiff sought to amend her state court Petition to add two new defendants, PNK and Zurich, and to correctly identify the original "Jane Doe" defendant as Cionne Stewart, an allegedly non-diverse defendant.[20] However, because Plaintiff failed to properly allege the citizenship of PNK, Zurich, and Stewart in the Supplemental and Amending Petition for Damages,[21] Plaintiff was ordered to file a motion to substitute the Supplemental and Amending Petition with a comprehensive proposed pleading that properly alleges the citizenship of the parties by March 31, 2017.[22] In lieu of filing a motion to substitute, Plaintiff filed the instant motion, seeking remand or, alternatively, to withdraw her Supplemental and Amending Petition for Damages or, alternatively, to voluntarily dismiss the case.[23] The Court finds, however, that the allegations in the Motion, and the relief sought therein, are inherently contradictory.

---

[20] R. Doc. 10.
[21] *Id.* at 1-2.
[22] R. Doc. 16.
[23] R. Doc. 24.

As an initial matter, this Court has not yet allowed Plaintiff to file the Supplemental and Amending Petition for Damages. Thus, as of the date of this Order, PNK, Zurich, and Stewart are not parties to this litigation. Despite acknowledging this fact in the Motion,[24] Plaintiff seeks remand based on the fact that Stewart is a non-diverse defendant.[25] As such, the Court finds that Plaintiff's Motion to Remand is premature, as Stewart is not yet a party to this litigation and there is complete diversity of citizenship between the original parties to this action.[26]

In the alternative, Plaintiff seeks to withdraw her Supplemental and Amending Petition for Damages. However, if the Court were to grant the Motion to Withdraw, there would be no basis for Plaintiff's Motion to Remand because there is complete diversity between the original parties to this action.[27] Further, if the Court were to grant the Motion for Voluntary Dismissal, the pending motions, including Plaintiff's Motion to Remand and Motion to Withdraw Supplemental and Amending Petition, would be terminated.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand, or Alternatively Motion to Withdraw Supplemental and Amending Petition, or Alternatively Motion for Voluntary Dismissal of Cause[28] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that if Plaintiff seeks to move forward with amending her state court Petition for Damages,[29] Plaintiff shall comply with the Court's February 10, 2017 Order[30] by filing a motion to substitute the Supplemental and Amending Petition for Damages[31]

---

[24] R. Doc. 24-1 at 9.
[25] *Id.* at 3-8.
[26] R. Doc. 1 at 2.
[27] *Id.*
[28] R. Doc. 24.
[29] R. Doc. 1-2.
[30] R. Doc. 16.
[31] R. Doc. 10.

with a comprehensive proposed pleading that properly alleges the citizenship of all parties. Plaintiff shall file the motion to substitute within seven (7) days of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff seeks to withdraw the Supplemental and Amending Petition for Damages,[32] Plaintiff shall file a motion to withdraw the Supplemental and Amending Petition for Damages within seven (7) days of the date of this Order. If Plaintiff files a motion to withdraw the Supplemental and Amending Petition, the citizenship of Cionne Stewart cannot be the basis for filing a motion to remand for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that if Plaintiff seeks voluntary dismissal of this case under Federal Rule of Civil Procedure 41(a), Plaintiff shall file a motion for voluntary dismissal within seven (7) days of the date of this Order and shall specify whether Pinnacle consents to the dismissal.

Signed in Baton Rouge, Louisiana, on April 21, 2017 .

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[32] R. Doc. 10.