UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSIE MATHES | CIVIL ACTION |
| VERSUS | |
| PINNACLE ENTERTAINMENT, INC. | NO.: 16-00538-BAJ-RLB |

RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 12)** filed by Pinnacle Entertainment, Inc. ("Defendant") and the **Motion for Voluntary Dismissal** and **Motion to Withdraw Supplemental and Amending Petition (Doc. 29)** filed by Rosie Mathes ("Plaintiff"). Each party filed responses, (Docs. 25, 30), and replies, (Docs. 27, 31). [1] For the following reasons, Plaintiff's **Motion for Voluntary Dismissal** is **GRANTED WITH PREJUDICE**. Plaintiff's **Motion to Withdraw its Supplemental and Amending Petition** and **Defendant's Motion for Summary Judgment** are **DENIED AS MOOT**.

I.  BACKGROUND

On July 12, 2016, Plaintiff filed suit in Louisiana state court, alleging that she slipped and fell on a wet bathroom floor at the L'Auberge Casino & Hotel in Baton Rouge, Louisiana. (Doc. 1-2 at p. 1). She alleges that due to the fall she hit her head and was knocked unconscious. *Id.* at p. 2. Plaintiff named Pinnacle d/b/a L'Auberge

---

[1] Defendant's Motion for Summary Judgment and Opposition to the Motion for Voluntary Dismissal are styled as motions brought by Pinnacle and PNK (Baton Rouge) Partnership. However, PNK is not a party to this case. (Doc. 28 at p. 5).

1

Casino & Hotel Baton Rouge, Pinnacle's alleged insurer, ABC Insurance Company, and Jane Doe, a Pinnacle employee as defendants. *Id.* at p. 1. On August 10, 2016, Pinnacle removed the matter to the Court, alleging diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). Pinnacle filed an Answer on August 29, 2016, denying the allegations in the Petition. (Doc. 3).

On January 31, 2017, Plaintiff filed a Supplemental and Amending Petition for Damages, seeking to name PNK (Baton Rouge) Partnership ("PNK") and its insurer, Zurich American Insurance Company ("Zurich") as defendants, and to correctly identify defendant "Jane Doe" as Cionne Stewart. (Doc. 10 at p. 1-2). This Petition, however, failed to adequately allege the citizenship of the parties, and the Magistrate Judge issued an Order on February 10, 2017, requiring Plaintiff to file a proposed pleading that properly set forth the citizenship of all parties. (Doc. 16). In the meantime, on February 3, 2017, the Defendant filed a Motion for Summary Judgment. (Doc. 12).

On March 17, 2017, rather than file a proposed pleading, Plaintiff filed a Motion to Remand for lack of subject matter jurisdiction, or in the alternative to allow Plaintiff to voluntarily withdraw her Supplemental and Amending Petition for Damages without prejudice because the Court had not granted her request to add PNK, Ms. Stewart, or Zurich as defendants. (Docs. 24 at p. 1 and 24-1 at p. 9). Alternatively, Plaintiff asked the Court to allow her to voluntarily dismiss this case without prejudice. (Doc. 24 at p. 1). The Magistrate Judge denied these motions without prejudice because Plaintiff's requests were inherently contradictory. (Doc.

28 at pp. 4-5). The Magistrate Judge explained that because Ms. Stewart was not yet a party to the case it was premature to seek a remand based on her non-diverse citizenship. *Id.* at p. 5. Further, if the Court were to grant the Motion to Withdraw, there would be no basis for Plaintiff's Motion to Remand and if the Court granted the Motion for Voluntary Dismissal, the pending motions, including Plaintiff's Motion to Remand and Motion to Withdraw Supplemental and Amending Petition, would be terminated. *Id.* The Magistrate Judge thus ordered Plaintiff to file a motion for voluntary dismissal within seven days, if she wished to dismiss the case. (Doc. 28 at. p. 6). Plaintiff then filed a Motion for Voluntary Dismissal with or without prejudice and a Motion to Withdraw its Supplemental and Amending Petition on April 27, 2017. (Doc. 29). Plaintiff filed these motions because Pinnacle has asserted that it is not the proper party in this case because the L'Auberge Casino & Hotel is owned by PNK, and not Pinnacle. *Id.* at p. 1.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) provides that after a defendant files an answer or motion for summary judgment "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of authorizing a court to condition a voluntary dismissal on proper terms is "to prevent unfair prejudice to the other side in the case." *In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). A decision as to whether to grant a dismissal under Rule 41(a)(2) lies within the sound discretion of

3

the district court. *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991).

One of the factors a court must consider when adjudicating a motion for voluntary dismissal is whether the plaintiff seeks a dismissal with or without prejudice. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985). If a party seeks a dismissal without prejudice, the motion "should be freely granted unless the nonmoving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Triparth Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on re-filing deprive the defendant of a limitations defense." *In re FEMA Trailer*, 628 F.3d at 162 (internal citations omitted).

But where a plaintiff seeks a dismissal with prejudice "[t]he situation is different[.]" *Schwarz*, 767 F.2d at 129. That is because "[d]ismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties." *Id.* (quoting *Smoot v. Fox*, 240 F.2d 301, 303 (6th Cir. 1964)). As a result, some courts hold that a motion for voluntary dismissal with prejudice must be granted. *Id.* at n. 5; *see also* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2367 (3d ed. 2008) (collecting cases). Although the U.S. Court of Appeals for the Fifth Circuit has not specifically held that courts are required to grant voluntary motions to dismiss with prejudice, it has made clear that "no matter when a dismissal with prejudice is granted, it does

not harm the defendant: The defendant receives all that he would have received had the case been completed." *Id.*

## II. DISCUSSION

Plaintiff seeks a voluntarily dismissal either with or without prejudice. (Doc. 29 at p. 1). Apparently, Plaintiff consents to a full judgment against itself, which will bar future litigation against Defendant in this matter. *See Schwarz*, 767 F.2d at 129. Defendant, nonetheless, argues that a dismissal without prejudice would be inappropriate. (Doc. 30 at pp. 3-4). Defendant contends that it will be prejudiced because it will face the prospect of a second lawsuit. (Doc. 30 at p. 3). But a dismissal with prejudice bars such a suit. *See Schwarz*, 767 F.2d at 129. Defendant also argues that it will be prejudiced because it has already expended significant time and resources filing pleadings and memoranda, and there has been substantial discovery. *Id.* But if the Court denies Plaintiff's motion for dismissal, Defendant would be required to expend even more time and resources defending this suit in federal court. Moreover, when an order of dismissal is entered, a "defendant receives all that he would have received had the case been completed." *See Schwarz*, 767 F.2d at 129

Defendant also argues that it will be prejudiced by a dismissal because Plaintiff is attempting to avoid an imminent adverse ruling on the pending Motion for Summary Judgment. *Id.* at pp. 3-4. A dismissal with prejudice, however, has the same effect as a ruling in favor of Defendant's Motion for Summary Judgment. Indeed, both qualify as a complete adjudication of the dispute. *See Schwarz*, 767 F.2d at 129. The Fifth Circuit has also made clear that even if a defendant prefers a

5

judgment on the merits because it believes that would vindicate its rights more than a voluntary dismissal, "a defendant is entitled only to the protection of its legal rights, not to a cleansing of the stench emitted by the plaintiff's complaint." *Id.* at 130. Defendant is thus not prejudiced by the Court's decision to forgo evaluating the merits of its Motion for Summary Judgment.

Finally, Defendant argues that a voluntary dismissal would result in the state court claims against PNK, Ms. Stewart, and Zurich moving forward and that Defendant may again be forced to seek to remove such claims to this Court for a second time, resulting in a "lengthy and circuitous process[.]" (Doc. 30 at pp. 4-5). However, when evaluating a motion for voluntary dismissal, the crucial question is whether the defendant—not some other party—will suffer some plain legal prejudice. *See In re FEMA Trailer*, 628 F.3d at 162; *Schwarz*, 767 F.2d at 129. PNK, Ms. Stewart and Zurich are not parties to the action *sub judice* because the Court has not allowed Plaintiff to file its proposed Supplemental and Amending Petition for Damages. (Doc. 28 at p. 5). Whether such entities will suffer any prejudice is not relevant to whether the Court should grant Plaintiff's motion for voluntary dismissal. Therefore, the Court grants Plaintiff's Motion for Voluntary Dismissal with prejudice.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Voluntary Dismissal (Doc. 29)** is **GRANTED WITH PREJUDICE**.

IT IS FURTHER ORDERED that the **Motion to Withdraw Supplemental and Amending Petition (Doc. 29)** is **DENIED AS MOOT.**

IT IS FURTHER ORDERED that the **Motion for Summary Judgment (Doc. 12) is DENIED AS MOOT**.

IT IS FURTHER ORDERED that the **Motion for Leave to File a Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Doc. 27) is DENIED AS MOOT**.

IT IS FURTHER ORDERED that the **Motion for Leave to File a Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion to Withdraw Supplemental and Amending Petition and Motion for Voluntary Dismissal (Doc. 31)** is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 25th day of August, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**